# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NER-TAMID CONGREGATION OF NORTH TOWN, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1261 |
| v. | ) ) | Magistrate Judge Cole |
| IGOR KRIVORUCHKO, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This will supplement the minute order of 1/21/09, which rejected the defendant's claim of attorney-client privilege as to discussions with his prior counsel regarding his residency and citizenship at the time the complaint was filed. The defendant's current claim that he is a citizen and resident of Illinois is contrary to three prior admissions by two separate lawyers in two separate Answers to the complaint and in a response to a statement of fact in a motion for summary judgment that the defendant is a resident and citizen of Florida.

Pursuant to a suggestion in yesterday's order that counsel should call chambers if disputes arose during the depositions of defendant's prior lawyers, I received a call regarding the defendant's objection to certain questions posed to his original counsel, Frederick Sperling of Schiff Hardin. Mr. Sperling testified that the admission in the Answers regarding residency and citizenship was based on impressions obtained from talking to the defendant. When asked what underlay that impression, defendant's current counsel, Mr. Felton, objected on attorney-client privilege grounds, and the deponent refused to answer. Counsel then called chambers and argued their positions. I overruled

the objection for the reasons discussed during yesterday morning's extended hearing and based on the cases cited in the minute order entered later that morning. *See Lorenz v. Valley Forge Insurance Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987); *In re Estate of Agnes H. Wright*, 337 Ill.App.3d 800, 805, 881 N.E.2d 362, 366 (2nd Dist. 2007); *Lama v. Preskill*, 353 Ill.App.3d 300, 305, 818 N.E.2d 443, 448 (2nd Dist. 2004). To those cases may be added *Kordek v. United Agri Products, Inc.*, 2007 WL 1118435 (N.D.Ill. 2007).

I explained -- as I had during the hearing earlier that morning -- that defendant's recent filings in support of his motion to dismiss for want of subject matter jurisdiction had effectively injected into the case the issue of what he told his prior counsel about residency and citizenship. Consequently, there at least was an implied waiver of whatever attorney-client privilege may have existed with regard to *factual information* may have been transmitted by the defendant to his prior counsel and which presumably provided the basis for the admissions that the defendant is a citizen and resident of Florida made in the Answer, the Amended Answer, and in the Local Rule 56.1(b) response to the Motion for Summary Judgment [1]

For example, the defendant's recent Motion To Amend The Answer and allege Illinois residency and citizenship claimed that the inconsistency between the Answer to the Complaint and the Amended Answer to the Amended Complaint – *the response to the Motion for Summary*

---

[1] It bears repeating, that those admissions are not conclusive of the question of subject matter jurisdiction, for parties cannot confer subject matter jurisdiction on the court. *Whitman v. Department of Transportation*, 547 U.S. 512, 514 (2006); *CFTC v. Schor*, 478 U.S. 833, 850-51 (1986). Yet, where one resides at the time of the filing is a matter that is integral – although not outcome dispositive – to the question of citizenship. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)(domicile has two elements: physical presence or residence in a state and an intent to remain in the state). These are ultimately fact-based conclusions.

*Judgment was ignored* – was a mistake:

> While Defendant Krivoruchko mistakenly stated in his Answer that he was a citizen of Florida, such an admission was not done in bad faith or with ulterior motive. Defendant Krivoruchko simply did not understand what being a "citizen" of a state meant generally, or what role a party's citizenship played in the context of subject matter jurisdiction.

*(Motion for Leave to File a Second Amended Answer, at 2).*

Three weeks later, Mr. Krivoruchko's reply brief in support of the Motion explicitly adverted to his interactions with his prior counsel and left (or at least permitted) the inference that the mistaken answers may well have been the fault of his own lawyers:

> I do not recall reviewing my previous Answer or Amended Answer prior to the filing of those documents with the Court. I do not recall any of my previous attorneys discussing Plaintiff's allegations in paragraphs 3 or 5 of the Complaint with me. I do not recall any of my previous attorneys discussing my answers to paragraphs 3 or 5 of the Complaint in my Answer or Amended answer with me. I do not recall any of my previous attorneys discussing the issue of my citizenship in Florida or Illinois with me. I do not recall any of my previous attorneys discussing the issue of where I reside with me. I do not recall any of my previous attorneys discussing with me how citizenship affects the subject matter jurisdiction of a federal court over a dispute such as this one.

(Krivoruchko Aff., ¶¶ 4-10).[2]  The remainder of the affidavit was devoted to Mr. Krivoruchko's factual discussion of his ties to the state of Illinois and the claim that he actually resided here, and not in Florida, contrary to his two Answers and summary judgment submission.[3]

---

[2] It was Mr. Krivoruchko's uncle who supposedly looked at the papers and wondered why the case was in federal court, although Mr. Krivoruchko does not say when this occurred or what prompted his uncle to suddenly have looked at the filings of two prior lawyers or what competency the uncle had to opine on questions of federal jurisdiction. (Krivoruchko Aff., ¶ 4-10).

[3] The argument made in the reply brief and the affidavit submitted with it could and should have been submitted in the opening brief. Loading up on a reply brief is impermissible and is a tactic that has consistently been criticized by the Seventh Circuit. Reply briefs are for replying, not for raising new matters or arguments that could have been – and ought to have been – advanced in the opening brief. *See e.g., United States v. Boyle,* 484 F.3d 943, 946 (7th Cir.2007); *United States v. Alhalabi,* 443 F.3d 605, 611 (7th
(continued...)

Obviously, Mr. Krivoruchko thought it significant to underscore whether there had even been conversations with his prior counsel regarding the issue of residency and citizenship. Otherwise, there was no point to his detailed discussion in his Affidavit. *Cf. Schenck v. United States*, 249 U.S. 47, 48 (1919)(Holmes, J.)("Of course the document would not have been sent unless it had been intended to have some effect...."); *United States v. Ladish Malting Co.*, 135 F.2d 484, 490 (7th Cir. 1998)("The prosecutor must have thought that the instruction mattered; why else so vigorously oppose Ladish's request for an actual-knowledge instruction"); *Hicklin Engineering L.C. v. R.J. Bartell*, 439 F.3d 346, 351 (7th Cir 2006)("Hicklin now contends that this issue was so transparently irrelevant to the litigation that Bartell should have saved the expense of proof.... Anyway, if this was beside the point, why did Hicklin refuse to admit that Bartell was an independent contractor?").

The inference that is permissible – if indeed it was not the intended inference – is that whatever factual inconsistency there was between the prior admissions and the defendants current position on residency and citizenship was traceable to his prior lawyers' lapses. Perhaps that is what happened. Perhaps not. But having injected his interactions with his prior lawyers into the case, Mr. Krivoruchko cannot be heard to say that these are matters that do not count and that he should be allowed to draw a conjurer's circle around those discussions and advance what may be an incomplete factual presentation.[4] As Mr. Justice Jackson once observed, "[u]nless we are to reach

---

[3](...continued)
Cir.2006). *See also Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D.Ill. 2006)(collecting cases).

[4] In other contexts, claimed lack of memory does not end the inquiry. For example, a witness may not preclude impeachment with a prior inconsistent statement by claiming he does not recall whether he made the statement. *See United States v. Dennis*, 625 F.2d 782, 796 (8th Cir. 1980). Similarly, Mr. Krivoruchko ought not be allowed to preclude inquiry into factual representations he may have made to his prior lawyers that if made would seem to be inconsistent with his current representations merely because he now claims
(continued...)

4

judgments as did Plato's men who were chained in a cave so that they saw nothing but shadows we should consider the facts of [this] case at least as an hypothesis to test the validity of the conclusions. . . ." *Douglas v. City of Jeanette*, 319 U.S. 157, 166 (1943) (Jackson, J., dissenting). That cannot happen if the defendant's current objection is allowed to prevail.

The defendant's oral motion to prohibit questioning of his prior counsel is denied.

ENTERED:_____
                  UNITED STATES MAGISTRATE JUDGE

DATE: 1/22/09

---

[4](...continued)
he cannot recall if he ever talked to his lawyers.