# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NER TAMID CONGREGATION OF NORTH TOWN, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 c 1261 |
| v. | ) ) | Magistrate Judge Cole |
| IGOR KRIVORUCHKO, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In 2007, Mr. Krivoruchko defaulted on his contract to purchase a parcel of real estate from Ner Tamid Congregation. He sought to justify the breach of contract on the claimed unforeseeability of a decline in the real estate market, which, he said, made it impracticable for him to obtain the kind of financing he wanted. The real estate contract did not contain a financing contingency clause because Mr. Krivoruchko chose not to have one. The history of the case is told at length in *Ner Tamid Congregation of North Town v. Krivoruchko*, _F.Supp.2d_, 2009 WL 1930191 (N.D.Ill. 2009), which granted Ner Tamid's motion for partial summary judgment on liability. *See also Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F.Supp.2d 924 (N.D.Ill. 2009)(denying the defendant's motion to dismiss for lack of diversity of citizenship). The case is scheduled for trial on October 19, 2009 on the question of damages.

Among the miscellany of motions in limine is a motion by the plaintiff that seeks as an element of damages recovery of what the motion calls "carrying costs of owning the Property beyond the Closing Date." (Motion in Limine No.1)[#107]. Mr. Krivoruchko's objection is based on the rather hoary, undisputed principle of Illinois law that the measure of damages in a case involving

breach of contract to purchase land is the difference between the fair market value at the time of the breach and the contract price. Many cases articulate this proposition. Mr. Krivoruchko's opposition to the motion in limine cites some. *See Dady v. Condit*, 188 Ill. 234, 58 N.E. 900 (1900); *Sheppard v. Fagan*, 94 Ill.App.3d 290, 292, 418 N.E.2d 876, 878 (1st Dist. 1981); *Bachewicz v. American Nat. Bank and Trust Co. of Chicago*, 126 Ill.App.3d 298, 308, 466 N.E.2d 1096, 1106 (1st Dist. 1984), *rev'd on other grounds*, 111 Ill.2d 444, 490 N.E.2d 680 (1986); *O'Neil v. Continental Bank, N.A.*, 278 Ill.App.3d 327, 341-42, 662 N.E.2d 489, 499 (1st Dist.1996); *Spangler v. Holthusen*, 61 Ill.App.3d 74, 83 (2nd Dist. 1978). There are many others that could be cited as well.[1] The defendant's argument is that the oft-repeated formulation is the exclusive determinant of damages in cases involving breach of a contract to buy land.

But most of these cases do not answer the specific question whether other elements of damage incurred by a disappointed seller may factor into the damage calculation. Other cases do. Citing *Pelz v. Streator Nat. Bank*, n. 1 *supra*, and *Sheppard v. Fagan*, *supra*, the opinion granting summary judgment noted that the difference between the contract price and fair market value may measure but one element of damages in cases such as this. *Ner Tamid Congregation of North Town*, _F.Supp.2d_, 2009 WL 1930191 at *8. In *Pelz*, the court – citing *Sheppard v. Fagan*, and *Kemp v. Gannett* – concluded that "the difference between fair market value of the property and contract price is only one element of damages for the breach of a contract for the sale of real estate." 145

---

[1] *See Kirkpatrick v. Strosberg*, 385 Ill.App.3d 119, 894 N.E.2d 781 (2nd Dist. 2008); *Pelz v. Streator National Bank*, 145 Ill.App.3d 946, 496 N.E.2d 315 (3rd Dist. 1986); *Munjal v. Baird & Warner*, 138 Ill.App.3d 172, 186, (2nd Dist. 1985); *Lakshman v. Vecchione*, 102 Ill.App.3d 629, 635, 430 N.E.2d 199, 203 (1st Dist. 1981); *Kemp v. Gannett*, 50 Ill.App.3d 429, (4th Dist. 1977) *Resnick v. Golik*, 334 Ill.App. 226, 79 N.E.2d 212 (1st Dist. 1948); *Dickson v. Turner*, 149 Ill.App.394 (3rd Dist. 1909). *See generally* C. McCormick, Damages §186 at 709 (1935).

Ill.App.3d at 956, 496 N.E.2d at 323. That conclusion flowed naturally and necessarily from the broader principle that "generally damages are recoverable as they may be fairly and reasonably be considered to have risen naturally from the breach of the contract or as may reasonably be supposed to have been made in the contemplation of the parties at the time they contracted." *Id.* Thus, the court in *Pelz* affirmed an award to the seller of damages for various related costs and fees resulting from the defendant's breach.

In *Sheppard*, the court stressed that none of the cases relying on the general rule of damages in cases of breach of a real estate contract, "suggest[s] that this is the only element of damages."[2] Quite the contrary. The question in such cases, as in other breach of contract cases, is whether additional damages may be said to have arisen from the breach and were within the reasonable contemplation of the contracting parties. The court in *Sheppard* concluded that the trial judge did not err in admitting evidence of other damages. 94 Ill.App.3d at 292, 418 N.E.2d at 879. The defendant concedes that *Sheppard* "is not a remarkable holding and is consistent with both Illinois precedent and IPI 700.14." (Response to Plaintiff's Motion in Limine No.1 at 4)[#125]. Indeed, the defendant's opposition brief explicitly states that while direct damages are measured by the difference between the contract price and market value at the time of the breach, "other 'elements of damages,' i.e., consequential damages under certain circumstances, may be recoverable." *Id.* But these concessions doom the plaintiff's argument that damages other than those measured by the

---

[2] In most of the cases the issue simply was not presented, and thus the cases do not resolve the precise question here, for prior cases have precedential value only when there has been a deliberative consideration of the issue at hand; *sub-silentio* or assumptive resolution is not enough. *See e.g., City of Kenosha v. Bruno*, 412 U.S. 507, 512-13 (1973); *Petrov v. Gonzales*, 464 F.3d 800, 802 (7th Cir. 2006); *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1976); *United States v. Bohle*, 445 F.2d 54, 65 (7th Cir. 1971).

difference between the contract price and the fair market value at the time of the breach are not recoverable in this case.

In *Kemp, supra*, on which the plaintiff relies to support its entitlement to what it calls its "carrying costs" (Motion in Limine No. 1 at 4)[#107], the defendant obtained an exclusive listing from the plaintiff to sell a home, which the plaintiff, a contractor, had built. The defendant promised to buy the home if he could not sell it within 90 days. He did not sell the house for almost a year and then only at a price less than his contract with the plaintiff. The Fourth District held that the purpose of damages is to put the party into the position he would have been in had the contract to buy been performed. Since the plaintiffs had no beneficial use of the unsold home between the time of the defendant's breach and the resale, "no reason appears why they should not be permitted to recover for the interest costs [on the mortgage] and taxes accrued during this period" as well as the expense of resale and the cost of utilities on the house. 50 Ill.App.3d at 431, 365 N.E.2d at 1114. *See also Bachewicz*, 126 Ill.App.3d at 308, 466 N.E.2d at 1106-1108; *Gryb v. Benson,* 84 Ill.App.3d 710, 713, 406 N.E.2d 124, 127 (1 Dist. 1980)(recognizing in a suit for breach of a contract to buy real property, the damages recoverable include "'those which were reasonably foreseeable and were within the contemplation of the parties at the time the contract was executed,'" but finding that the particular damages were remote and not reasonably foreseeable).

The defendant's response to *Kemp* is that I am not bound by it, and that I can and should look to a 1988 Ohio Appellate Court case instead. But since this is a diversity case in which Illinois law provides the rule of decision, *Kemp* is binding, and cases from Ohio or other jurisdictions are not. Indeed, I am required to ignore cases from other sovereigns that have charted a path different from

4

that chosen by the Illinois courts in *Kemp, Pelz* and *Sheppard* – to name but three.[3]

The defendant's other objection is based upon the idea that Ner Tamid has not utilized the property in any way and that the costs Ner Tamid has borne in the wake of the defendant's breach of contract would have been incurred because the congregation had decided months before it contracted with Mr. Krivoruchko to move out of the property. Response at 9. But it is precisely because Ner Tamid has not had the beneficial use of the property that the costs are arguably appropriate damages. *Van Moorlehem*, 747 F.2d at 994; *Kemp, supra.* The question is not whether Ner Tamid would have incurred the costs even had there been no contract with the defendant, but whether they would have been incurred had the defendant not breached the contract.

Judge Moran's opinion in *Crown Life Ins. Co. v. American Nat. Bank and Trust Co. of Chicago,* 830 F.Supp. 1097, 1100 (N.D.Ill.1993) is, as always, instructive:

> That leaves the issue of damages. Tri-Centers correctly states the general principle that a non-breaching party to a contract may be entitled to the profits it would have gained had the breaching party performed. The fact that this case involves a real estate contract makes no difference. See Spangler v. Holthusen, 61 Ill.App.3d 74, 378 N.E.2d 304, 309 (1978). Aronson would take comfort in the rule that lost profits are available only if both parties contemplated, at the time the contract was formed, that such profits would be lost if the contract were breached. *Id. See also Milex Products, Inc. v. Alra Laboratories,* 237 Ill.App.3d 177, 861, 603 N.E.2d 1226, 1235 (1992), *appeal denied* 149 Ill.2d 651, 183 Ill.Dec. 863, 612 N.E.2d 515 (1993); *Sheppard v. Fagan,* 94 Ill.App.3d 290, 418 N.E.2d 876, 879 (1981). *But the cases Aronson cites do not involve the kind of facts at issue here, where profits were lost because the seller (the trust) defaulted on a loan after the buyer (Aronson) failed to perform. Any rea*sonable buyer of property should know that sellers are likely to have mortgages, and Aronson cannot plead ignorance of that basic characteristic of the real estate business.

\* \* \*

---

[3] It may be noted that most courts have come to the same conclusion as the Illinois courts. *See* Measure of Damages for Purchaser's Breach of Contract to Sell Real Property, 52 A.L.R. 1511; *Van Moorlehem v. Brown Realty Co,.* 747 F.2d 992, 994 (10th Cir.1984)(New Mexico law).

Ironically, it is Aronson, not Tri-Centers, who most forcefully argues that the traditional measure of damages for breach of a real estate contract is the difference between the purchase price and the market value of the land on the date of breach. *See Sheppard,* ... The price paid at a fair forfeiture sale is presumptively considered to be the market value. *Kemp v. Gannett,* 50 Ill.App.3d 429, 727, 365 N.E.2d 1112, 1113 (1977). Therefore, if Aronson pays the amount dictated by the formula that Aronson has submitted, then Tri-Centers will be forced to turn over whatever is necessary to cure the trust's deficiency, but Tri-Centers still will receive its anticipated profits under the installment contract. Accordingly, it is ordered that Aronson pay the difference between the amount due on the installment contract and the amount paid at the foreclosure sale, plus any other consequential damages incurred by Tri-Centers.

The cases discussed above leave no doubt that the exclusive measure of damages in this case is not the difference between the contract price and the fair market value at the time of the breach. This measure of damages, as IPI instruction 700.14 states, is what courts have historically called "direct" damages. But these are not the only kind. Of equal pedigree are what instruction 700.14 calls *special* and *incidental damages*. The names count for little.[4] The point, rather, is that Illinois law recognizes the very kinds of damages the defendant contends are unavailable here.

Of course, it will be for the jury to determine whether the plaintiff has proved by a

---

[4] *Cf. Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.,* 313 F.3d 385, 388 (7th Cir. 2002)("certain prelitigation legal expenditures, for example expenditures designed to mitigate the plaintiff's damages, would probably be covered as "incidental" damages. *Sorenson v. Fio Rito,* 90 Ill.App.3d 368, 413 N.E.2d 47, 50-52 (1980); *cf. Tull v. Gundersons, Inc.,* 709 P.2d 940, 946 (Colo.1985); *Restatement (Second) of Contracts* § 347, comment c (1981)."). The Restatement (Second) of Contracts §347 provides that an injured party has a right to damages based on his expectation interest as measured by any other loss including incidental or consequential loss caused by the breach. Comment c provides that "[i]ncidental losses include costs incurred in a reasonable effort, whether successful or not, to avoid loss, as where a party pays brokerage fees in arranging or attempting to arrange a substitute transaction... Consequential losses include such items as injury to person or property resulting from defective performance... The terms used to describe the type of loss are not, however, controlling, and the general principle is that all losses, however described, are recoverable."

preponderance of the evidence that what it calls its "carrying costs" were within the contemplation of the parties. *Cf. Western Industries, Inc. v. Newcor Canada Ltd.,* 739 F.2d 1198, 1203 -1204 (7th Cir. 1984)(Posner, J.)("The rule [in *Hadley v. Baxendale]* has been relaxed and today most courts would say that it was enough if the consequences were foreseeable, whether or not there was evidence that the promisor had undertaken to insure the promisee against them."). And it remains to be seen precisely what the damages will consist of. But these are all issues to be resolved at trial, not on a motion in limine.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10-6-09