MHN

**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

OCT 2 0 2009
Oct 20, 2009

MAGISTRATE JUDGE JEFFREY COLE
UNITED STATES DISTRICT COURT

---------------------------------------------------------

NER TAMID CONGREGATION OF
NORTH TOWN,

      Plaintiffs,

      v.

IGOR KRIVORUCHKO,

      Defendant.

Case No. 08 C 1261

Magistrate Judge Cole

---------------------------------------------------------

### IGOR KRIVORUCHKO MOTION FOR
### JUDGMENT AS A MATTER OF LAW PURSUANT TO FED.R.CIV.P. 50

Defendant, IGOR KRIVORUCHKO ("Krivoruchko"), by his attorneys, Justin Weisberg, Michael R. Turoff and Jason B. Hirsh (Arnstein & Lehr LLP, of counsel), at the close of plaintiff's, Ner Tamid Congregation of North Town ("Ner Tamid"), case and before any other proceeding, and pursuant to Fed.R.Civ.P. ("Rule") 50, moves this Court for judgment as a matter of law. In support of his Motion, Krivoruchko states as follows:

#### FACTUAL BACKGROUND

1.    This lawsuit involves Ner Tamid's claim that Krivoruchko failed to close a real estate purchase in January 2008 according to the terms of the underlying contract. On July 7, 2009, this Court resolved the issue of liability against Krivoruchko and reserved the issue of damages for trial. This is a diversity case governed by Illinois law.

2.    Ner Tamid seeks two types of contract damages as a result of Mr. Krivoruchko's breach of contract.

3. Ner Tamid first seeks the recovery of alleged lost property value, measured by the difference, if any, between the contract price and the fair market value of the property at the time of the breach. Ner Tamid concedes that such damages are recoverable only if it proves this diminution in value by a preponderance of the evidence.

4. Additionally, Ner Tamid seeks to recover purported maintenance expenses, if any, that it allegedly incurred in maintaining the property from the time of the breach to the present. Ner Tamid also concedes that these damages are recoverable only if it proves by a preponderance of the evidence that such damages were reasonably foreseeable by the parties when they entered into the contract.

5. Ner Tamid has failed to satisfy its evidentiary burden with regard to either category of contract damages and this Court should, therefore, enter judgment as a matter of law.

## ARGUMENT

6. Pursuant to Rule 50, any time prior to submission of the case to the jury, a party may make a motion for judgment as a matter of law. Fed.R.Civ.P. 50(a)(2).

7. The motion shall be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a)(1).

2

8.  Upon such a finding the Court may:

    (A)  resolve the issue against the party; and

    (B)  grant a motion for judgment as a matter of law against the party on the claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on the issue.

Fed.R.Civ.P. 50(a)(1)(A)-(B).

9.  With respect to diminution in value, Ner Tamid relies entirely on the defective testimony of its expert, Howard Richter.

10.  Mr. Richter's testimony, as demonstrated during Ner Tamid's case-in-chief, is riddled with errors and founded upon rank speculation. In fact, it is patent that Mr. Richter improperly relied upon data not available as of January 15, 2008, did not properly study the market between October 31, 2007 and January 15, 2008 and without any basis erroneously inflated the discount rate in his January, 2008 opinion to deliberately drive down the appraisal value.

11.  Given the serious deficiencies in Mr. Richter's testimony it is patent that no reasonable jury could find for Ner Tamid. Accordingly, Mr. Krivoruchko is entitled to judgment as a matter of law with respect to Ner Tamid's first category of damages – loss in property value.

12.  Further, Ner Tamid has offered no probative evidence to demonstrate that its so-called "maintenance expenses" were reasonably foreseeable. Accordingly, Mr. Krivoruchko is entitled to judgment as a matter of law with respect to Ner Tamid's second category of damages – maintenance expenses.

8734228.1

WHEREFORE, Defendant, IGOR KRIVORUCHKO, respectfully prays that this Court:

A.   Grant judgment as a matter of law in favor of  Mr. Krivoruchko and against Ner Tamid on plaintiff's claim for damages resulting from the alleged loss of property value;

B.   Grant judgment as a matter of law in favor of Mr. Krivoruchko and against Ner Tamid on plaintiff's claim for property maintenance expenses.

<div style="margin-left:30%">

IGOR KRIVORUCHKO


By: s/Justin L. Weisberg
One of His Attorneys

</div>

Justin Weisberg
Michael R. Turoff
Jason B. Hirsh
Of Counsel:
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100
Firm No.: 25188

8734228.1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and mailed a copy of Defendant's ***IGOR KRIVORUCHKO MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED.R.CIV.P. 50***:

Jay R. Hoffman
20 S. Clark St., Suite 1900
Chicago, IL 60603
PH:     312-899-0899
FAX:   312-899-8201
jay@hoffmanlegal.com

by depositing the same in the United States mail, first class postage prepaid, at 120 South Riverside Plaza, Chicago, Illinois on October 20, 2009.

s/Justin L. Weisberg
Jason B. Hirsh
**Arnstein & Lehr LLP**, *of Counsel*
120 S. Riverside Plaza
Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Attorney for Defendant

8734228.1