IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Oct 21, 2009
OCT 21 2009

MAGISTRATE JUDGE JEFFREY COLE
UNITED STATES DISTRICT COURT

NER TAMID CONGREGATION OF
NORTH TOWN,

Plaintiffs,

v.

IGOR KRIVORUCHKO,

Defendant.

Case No. 08 C 1261

Magistrate Judge Cole

## IGOR KRIVORUCHKO MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED.R.CIV.P. 50 AND MISCELANEOUS RELIEF

Defendant, IGOR KRIVORUCHKO ("Krivoruchko"), by his attorneys, Justin Weisberg, Michael R. Turoff and Jason B. Hirsh (Arnstein & Lehr LLP, of counsel), at the close of plaintiff's, Ner Tamid Congregation of North Town ("Ner Tamid"), before submission of this matter to the jury, and pursuant to Fed.R.Civ.P. ("Rule") 50, moves this Court for judgment as a matter of law and other miscellaneous relief. In support of his Motion, Krivoruchko states as follows:

### FACTUAL BACKGROUND

1. This lawsuit involves Ner Tamid's claim that Krivoruchko failed to close a real estate purchase in January 2008 according to the terms of the underlying contract. On July 7, 2009, this Court resolved the issue of liability against Krivoruchko and reserved the issue of damages for trial. This is a diversity case governed by Illinois law.

2. Ner Tamid has failed to satisfy its evidentiary burden necessary to recover damages and judgment should be entered in favor of Krivoruchko as a matter of law.

## ARGUMENT

3. Pursuant to Rule 50, any time prior to submission of the case to the jury, a party may make a motion for judgment as a matter of law. Fed.R.Civ.P. 50(a)(2).

4. The motion shall be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a)(1).

5. Upon such a finding the Court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on the claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on the issue.

Fed.R.Civ.P. 50(a)(1)(A)-(B).

6. Here, Plaintiff has failed to prove its damage claims by a preponderance of the evidence. In further support of this contention, Krivoruchko incorporates by reference his Rule 50 Motion for Judgment as a matter of law submitted at the close of plaintiff's case-in-chief.

7. Next, the court erred by granting plaintiff's motion for judgment as a matter of law as to diminution of value, by failing to send the mitigation issue as

to diminution of value to the jury and instructing them on the same. Prior to submission to the jury, Krivoruchko requests that this Court correct this error and instruct the jury on the mitigation issue as to diminution of value.

8. Finally, it was error to admit the testimony of Plaintiff's expert relative to any opinions that related to or were founded upon information not available to willing buyers and sellers as of January 15, 2008, the date of the breach. More specifically, Mr. Richter testified that market value is defined as the price a willing buyer and willing seller would accept if under no duress. However, Mr. Richter based his conclusion on information that neither a willing buyer nor seller could have known at the time of the alleged breach, *i.e.*, after-the-fact information suggesting a material change in market conditions. This is most misleading under FRE 403 and improper under FRE 702 and 703.

WHEREFORE, Defendant, IGOR KRIVORUCHKO, respectfully prays that this Court:

- A. Grant judgment as a matter of law in favor of Mr. Krivoruchko and against Ner Tamid;

- B. Instructing the jury on the mitigation issue as to diminution of value; and

- C. Striking any opinion or statement made by Mr. Richter based upon or relative to any information that would not have been available as of January 15, 2008 and instructing the jury to disregard such information.

IGOR KRIVORUCHKO


By: s/Justin L. Weisberg
One of His Attorneys

Justin Weisberg
Michael R. Turoff
Jason B. Hirsh
Of Counsel:
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100
Firm No.: 25188

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and mailed a copy of Defendant's *IGOR KRIVORUCHKO MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED.R.CIV.P. 50:*

Jay R. Hoffman
20 S. Clark St., Suite 1900
Chicago, IL 60603
PH: 312-899-0899
FAX: 312-899-8201
jay@hoffmanlegal.com

by depositing the same in the United States mail, first class postage prepaid, at 120 South Riverside Plaza, Chicago, Illinois on October 21, 2009.

s/Justin L. Weisberg
Jason B. Hirsh
**Arnstein & Lehr LLP,** *of Counsel*
120 S. Riverside Plaza
Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Attorney for Defendant